UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE NONPARTY SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION<br><br>EXPRESS SCRIPTS, INC.,<br><br>           Movant,<br><br>v.<br><br>THE MAYOR AND CITY COUNCIL OF BALTIMORE; LABOR-MANAGEMENT HEALTHCARE FUND; and NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND,<br><br>           Respondents. | Case No. _____<br><br>Underlying Litigation:<br>Case No. 2:22-cv-1232 (JXN)(JSA)<br>United States District Court<br>District of New Jersey |

## NONPARTY EXPRESS SCRIPTS, INC.'S MOTION TO QUASH

Nonparty Express Scripts, Inc. ("Express Scripts"), pursuant to Federal Rule of Civil Procedure 45(d)(3), respectfully moves to quash the Subpoena to Testify at a Deposition in a Civil Action and accompanying Notice of Rule 30(b)(6) Deposition of Express Scripts ("Deposition Subpoena") issued by Respondents The Mayor and City Council of Baltimore, Labor-Management Healthcare Fund, and New York State Teamsters Council Health and Hospital Fund (collectively, the "Respondents") and served on Express Scripts on April 17, 2026. For the reasons set forth below, and for those more fully set forth in Express Scripts' accompanying Memorandum in Support, the Court should grant the Motion and quash the Deposition Subpoena.

1.      Respondents are parties to the underlying matter pending in the United States District Court of the District of New Jersey styled *In re Copaxone Litigation*, No. 2:22-cv-1232 (JXN) (JSA) (D.N.J.) (the "Underlying Matter").

2.      Express Scripts is not a party to the Underlying Matter.

3.      In November 2024, Respondents served upon Express Scripts a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") pursuant to Rule 45.

4.      Pursuant to the Subpoena—and other Rule 45 subpoenas issued by separate parties in the Underlying Matter—Express Scripts produced extensive discovery.

5.      Even so, on November 25, 2025, Respondents filed an Application for an Order Compelling Express Scripts to Comply with the Subpoena in this Court. Doc. No. 1, *The Mayor and City Council of Baltimore v. Express Scripts, Inc.*, No. 4:25-mc-1256-MAL (E.D. Mo. Nov. 25, 2025) (the "Previous Miscellaneous Matter").

6.      On January 16, 2026, the Court issued an order resolving Respondents' Application in the Previous Miscellaneous Matter. Doc. No. 12, *The Mayor and City Council of Baltimore v. Express Scripts, Inc.*, No. 4:25-mc-1256-MAL (E.D. Mo. Jan. 16, 2025).

7.      Pursuant to the Court's January 16 Order, Express Scripts produced additional documents and materials.

8. While Express Scripts prepared its production, Respondents requested a declaration from Express Scripts. *See* Correspondence from Miles Greaves, attached hereto as **Exhibit 1**.

9. Express Scripts never agreed to provide a declaration.

10. Respondents' discovery window in the Underlying Matter closed on March 6, 2026. Doc. No. 250, *In re Copaxone Litig.*, No. 2:22-cv-1232 (JXN) (JSA) (D.N.J. Jan. 30, 2026).

11. Only after the close of discovery did Respondents raise the potential deposition of Express Scripts. *See* Correspondence from Aaron Marks, attached hereto as **Exhibit 2**.

12. Express Scripts never agreed to a deposition.

13. On March 20, 2026, Respondents and Express Scripts filed a joint status report in the Previous Miscellaneous Matter indicating that Express Scripts had fully complied with the Court's January 16 Order and requesting that the Court close the Previous Miscellaneous Matter.

14. On March 24, 2026, the Court closed the Previous Miscellaneous Matter. Doc. No. 12, *The Mayor and City Council of Baltimore v. Express Scripts, Inc.*, No. 4:25-mc-1256-MAL (E.D. Mo. Jan. 16, 2025).

15. The issue of Express Scripts providing a declaration or sitting for a deposition was never before this Court.

16. On April 17, 2026, six weeks after the close of discovery in the Underlying Matter and over three weeks after the close of the Previous Miscellaneous

3

Matter, Respondents served Express Scripts with the Deposition Subpoena requesting Express Scripts to produce a corporate representative for deposition on May 1, 2026. *See* Exhibit A to the Declaration of Kyle P. Seelbach, attached hereto as **Exhibit 3**.

17.    Express Scripts moves pursuant to Rule 45(d)(3) to quash the Deposition Subpoena.

18.    The Deposition Subpoena is void on its face because it does not designate a place for compliance because, in place of an actual location, it lists "Remote via Zoom."

19.    Additionally, the Deposition Subpoena should be quashed because it was served outside of the discovery window in the Underlying Matter and is therefore untimely.

20.    Finally, the Deposition Subpoena should be quashed because it is unduly burdensome to nonparty Express Scripts in that compliance with it would require Express Scripts to prepare for a deposition based on more than 36 broad topics covering over a decade.

For each of these reasons, and for the reasons explained more fully in the accompanying Memorandum in Support, the Court should grant Express Scripts' Motion and quash the Deposition Subpoena.

4

Dated: April 30, 2026

HUSCH BLACKWELL LLP

By */s/ Kyle P. Seelbach*

Kyle P. Seelbach, #60382MO
Maysa H. Daoud, #72760MO
Kevin Cowling, #72755MO
Husch Blackwell LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO  63105
Phone:  (314) 480-1500
Fax:     (314) 480-1505
kyle.seelbach@huschblackwell.com
maysa.daoud@huschblackwell.com
kevin.cowling@huschblackwell.com

*Attorneys for Movant Express Scripts, Inc.*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 30, 2026, the foregoing was filed electronically with the Clerk of Court by operation of the Court's electronic filing system upon and served upon counsel of record via electronic email.

Miles Greaves, Esq.
Taus Cebulash & Landau LLP
123 William Street, Suite 1900A
New York, NY 10038
mgreaves@tcllaw.com

Bailey Twyman-Metzger, Esq.
Gustafson Gluek PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
btwymanmetzger@gustafsongluek.com

Aaron Marks, Esq.
Cohen Milstein Sellers & Toll PLLC
100-120 N. 18th Street, Suite 1820
Philadelphia, PA 19103
amarks@cohenmilstein.com

*Counsel for Respondents*

/s/ *Kyle P. Seelbach*